**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Elinor Vanderbrook, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No.   11 C 4833 |
| | ) | |
| CACH, LLC, a Colorado limited liability company, and Law Offices of Harold E. Scherr, P.A., a Florida professional association, | ) ) ) ) | |
| | ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Elinor Vanderbrook, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and b) one Defendant resides here, and both Defendants transact business here.

**PARTIES**

3.    Plaintiff, Elinor Vanderbrook ("Vanderbrook"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt owed for a METRIS credit card, despite the fact that she was represented by the legal

aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  CACH operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.     Defendant CACH is a bad debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like the Law Offices of Harold E. Scherr, P.A.

6.     Defendant, Law Offices of Harold E. Scherr, P.A. ("Scherr"), is a Florida professional association that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Scherr collects delinquent debts from consumers in virtually many states, including consumers in the State of Illinois.

7.     Defendant CACH is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, both CACH and Scherr conduct business in Illinois.

8.     Defendant CACH is licensed as a debt collection agency in the State of

Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant CACH acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Vanderbrook is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a METRIS credit card. At some point in time after that debt became delinquent, it was bought by Defendant CACH. When CACH began trying to collect this debt from Ms. Vanderbrook, by having Defendant Scherr send her a collection letter, dated May 3, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and CACH's collection actions. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, on June 1, 2011, one of Ms. Vanderbrook's attorneys at LASPD informed Defendants, in writing, that Ms. Vanderbrook was represented by counsel, and directed CACH and Scherr to cease contacting her, and to cease all further collection activities because Ms. Vanderbrook was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Undeterred, Defendants then sent Ms. Vanderbrook a collection letter, dated June 7, 2011, which demanded payment of the METRIS/CACH debt. A copy of this collection letter is attached as Exhibit E.

12. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letter from Ms. Vanderbrook's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

17.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendants knew, or readily could have known, that Ms. Vanderbrook was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Vanderbrook's was represented by counsel, and had demanded a cessation of communications with Ms. Vanderbrook.  By directly sending Ms. Vanderbrook a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

21.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Elinor Vanderbrook, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Vanderbrook, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Elinor Vanderbrook, demands trial by jury.

Elinor Vanderbrook,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  July 18, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com